**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAEVON TERRELL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1041 DDN |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Raevon Terrell Parker for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss the complaint.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an

action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

## The Complaint

Plaintiff filed the complaint on August 20, 2021, against Apple, Inc. Plaintiff has not identified the jurisdictional basis for filing the present lawsuit. However, on his civil cover sheet plaintiff alleges that his cause of action is a product liability action and sounds in negligence.

Plaintiff claims the events giving rise to his claims occurred on July 26, 2021 at the Parker Family Consultation in St. Louis, Missouri. Plaintiff writes:

> The act was the failure to provide adequate labeling for its Apple products. The failure to provide adequate labeling of software caused the plaintiff to suffer mentally by putting plaintiff in duress. The inadequate label subjected to mental strains about plaintiff's information stored on devices that use the software (product).

Plaintiff also writes: "Putting plaintiff under duress from the stress of a computer vulnerability with vital information attached."

In his request for relief, plaintiff states:

> Plaintiff is requesting 1 trillion dollars for damages. The large amount stems from the companies [sic] value that has increased due to the distribution of the software. The defendant offers money for finding defects in the products. The defendant did not offer a refund or replacement for no charge. The defendant continues to mislabel the software which further subjects the plaintiff to computer vulnerabilities.

As relief, plaintiff seeks $900 to compensate him for property damage, and one trillion dollars for personal injury.

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. The instant action is the third he has filed to date in this Court against Apple, Inc.  Plaintiff filed two separate actions

2

to compensate him for events that occurred on October 29, 2018 in the Apple Store in the St. Louis Galleria. *See Parker v. Apple Inc.,* No. 4:20-cv-731-SEP (E.D. Mo.) (hereafter "*Parker I*").

In *Parker I*, plaintiff claimed Apple, Inc. wrongfully took his personal property and put it to public use. He alleged, *inter alia*, that the Apple Store employee took his device and it was somehow used to generate substantial revenue. He also alleged Apple, Inc. was responsible for his mental illness. He claimed Apple, Inc. was therefore liable to him in an amount exceeding one trillion dollars. The Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) after determining plaintiff's allegations were frivolous and failed to state a claim upon which relief may be granted. The Court also noted it had serious reservations about whether the case involved a dispute or controversy properly within its jurisdiction.

In *Parker v. Apple, Inc.,* No. 4:20-cv-1784 NAB (E.D. Mo) (hereafter "*Parker II*"), plaintiff claimed Apple, Inc., deprived him of his property and used it to generate revenue. Plaintiff also claimed that Apple, Inc., was responsible for his mental illness. The Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) after determining plaintiff's allegations were barred by the doctrine of res judicata. The Court also noted that plaintiff's complaint was subject to dismissal under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Last, the Court noted it had serious reservations about whether the case involved a dispute or controversy properly within its jurisdiction.

Plaintiff has also filed five other civil actions against different parties that were dismissed for one of the reasons set forth in 28 U.S.C. § 1915(e)(2).[1]

---

[1]*See Parker v. Settle,* No. 4:20-cv-00214-AGF (E.D. Mo. Feb. 6, 2020); *Parker v. Settle*, No. 4:20-cv-00216-AGF (E.D. Mo. Feb. 6, 2020); *Parker v. Settle,* No. 4:20-cv-00219-SRC (E.D. Mo. Feb. 6, 2020); *Parker v. United States of America*, No. 4:20-cv-01200-NCC (E.D. Mo. Sept. 3, 2020); *Parker v. United States of America*, No. 4:20-cv-01251-NCC (E.D. Mo. Sept. 14, 2020).

## Discussion

As in plaintiff's prior actions against Apple, Inc., this Court has serious reservations about whether this case involves a dispute or controversy properly within its jurisdiction.

Plaintiff has not set forth grounds for this Court's jurisdiction. As set forth above, on his civil cover sheet plaintiff alleges that his cause of action is a product liability action and sounds in negligence. Federal courts are courts of limited jurisdiction.  The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.  The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.  Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states.  *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  A district court's conclusion as to citizenship for purposes of federal diversity jurisdiction is a mixed question of law and fact.  *Id.*  To determine plaintiff's citizenship, the Court looks to plaintiff's place of domicile, or where he resides.  When there is debate as to domicile, the Court looks to whether plaintiff is present in the purported state of domicile and his intention to remain there indefinitely.  *See Id.*

4

Plaintiff does aver on his civil cover sheet that he and the defendant are citizens of different states, and he seeks damages of more than one trillion dollars. However, his assertion of the amount in controversy is implausible. He provides no adequate foundation for his belief that his damages are properly measured at such an amount, or that they are even sufficient to meet the jurisdictional threshold set forth in 28 U.S.C. § 1332. However, it would be futile to give plaintiff the opportunity to provide a foundation for his prayer for relief because the complaint is frivolous and fails to state a claim upon which relief may be granted.

In the complaint, the factual predicates of plaintiff's claims involve the same, or similar, events as in *Parker I.* While plaintiff now cites new legal theories and claims Apple Inc. deprived him of other financial opportunities, plaintiff could have raised such theories and brought such claims in *Parker I*. While the dismissal of *Parker I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2) dismissal "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton*, 504 U.S. 25 (1992)). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Parker I* has *res judicata* effect and establishes that the instant action is frivolous for § 1915(e) purposes.

The Court would dismiss this action at this time even if it were not duplicative of *Parker I.* The allegations in support of plaintiff's claims are entirely premised upon fantastic or delusional scenarios. Plaintiff's allegations are not merely unlikely; instead, they are "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25. The Court therefore determines that the complaint is legally frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Even if it could be said that plaintiff's allegations were non-frivolous, this case would be subject to dismissal. Plaintiff provides no support for his allegations that Apple Inc. caused plaintiff a financial loss or can be held responsible for his mental condition. The Court would therefore

conclude that the complaint fails to state any plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of September, 2021.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**